IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

|  |  |
|---|---|
| ROBERT EUGENE BRYANS, ) | Civil No. 3:14-cv-00635-JE |
| ) |  |
| Plaintiff, ) | FINDINGS AND |
| ) | RECOMMENDATION |
| v. ) |  |
| ) |  |
| ) |  |
| MRS. FUZI, MRS. GEILS, DR. DIGULLIO, ) |  |
| ) |  |
| Defendants. ) |  |
| _____ ) |  |

Robert Eugene Bryans
c/o Patti Pruett
715 W. Sherman St.
Lebanon, OR 97355

 Plaintiff *pro se*

Vanessa Nordyke
Oregon Department of Justice
Trial Division
1162 Court Street NE
Salem, OR 97301

 Attorney for Defendants

FINDINGS AND RECOMMENDATION – 1

JELDERKS, Magistrate Judge:

Plaintiff Bryans, formerly an inmate in the custody of the Oregon Department of Corrections (ODOC), brings this civil rights action against Defendants Fuzi, Geils, and Digullio. Plaintiff alleges that he was denied treatment for hepatitis-C[1] in violation of his Eighth Amendment rights.

Defendants moved for Judgment on the Pleadings, arguing that Plaintiff's claims for injunctive relief are moot in light of Plaintiff's release from Oregon Department of Corrections custody. On December 10, 2014, this Court ordered that, in accordance with Fed. R. Civ. P. 12(d), Defendants' motion would be construed as a motion for summary judgment because of Defendants' reliance on matters outside the pleadings. [Docket #27]  The Clerk of Court mailed Plaintiff a Summary Judgment Advice Notice and Scheduling Order setting a Response deadline for January 15, 2015. [Docket #s 27, 28]  No Response was timely filed.  Defendants' motion is now before the Court and, for the reasons set forth below, the motion should be granted.

## Evaluating Motions for Summary Judgment

Federal Rule of Civil Procedure 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  The moving party may discharge this burden by showing that there is an absence of evidence to support the nonmoving party's case. Id.  When the moving party shows the absence of an issue of material fact, the nonmoving party must go beyond the pleadings and show that there is a genuine issue for trial. Id. at 324.

The substantive law governing a claim or defense determines whether a fact is material. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Reasonable doubts concerning the existence of a factual issue should be resolved against the moving party. Id. at 630-31.  The evidence of the nonmoving party is to be believed, and all justifiable

---

[1] In their Motion, Defendants erroneously assert that Plaintiff alleges he was denied free treatment for pedophilia.

FINDINGS AND RECOMMENDATION – 2

inferences are to be drawn in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1985). No genuine issue for trial exists, however, where the record as a whole could not lead the trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## Discussion

"The jurisdiction of federal courts depends on the existence of a 'case or controversy' under Article III of the Constitution." GTE California, Inc. v. Federal Communications Comm'n, 39 F.3d 940, 945 (9th Cir. 1994). "If an action or a claim loses its character as a live controversy, then the action or claim becomes 'moot,' and [the court] lack[s] jurisdiction to resolve the underlying dispute." Doe v. Madison School Dist. No. 321, 177 F.3d 789, 797–98 (9th Cir. 1999) (citations omitted). A prisoner's release from prison generally moots his claims for declaratory or injunctive relief relating to the prison's policies. Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995)(citations omitted).

Defendants assert that Plaintiff is seeking only injunctive relief and cite to his prayer for relief which states "I want to have proper treatment and have proper medical treatment. Amount TBD". Defendants also rely on the Notice of Change of Address Plaintiff filed with the Court on July 8, 2014 which advises the Clerk of the Court that mail can be sent to him at his new address in Lebanon, Oregon. [Docket #16]   Plaintiff also provides a phone number and additional contact information for reaching him. [Id.]   Defendants argue that because Plaintiff was released from ODOC custody, this action for injunctive relief is moot.

Defendants' arguments are well taken. The record reflects that Plaintiff is no longer in ODOC custody. Plaintiff cannot, therefore, obtain the injunctive relief sought in his Complaint. Accordingly, Defendants' motion should be granted and this action should be dismissed with prejudice.

FINDINGS AND RECOMMENDATION – 3

**Conclusion**

For the reasons set out above, Defendants' Motion for Judgment on the Pleadings (#24) (construed as a Motion for Summary Judgment) should be GRANTED.

**Scheduling Order**

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due February 17, 2015. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 29th day of January, 2015.

        /s/ John Jelderks
        John Jelderks
        U.S. Magistrate Judge